Case No. 19-3443 Brian Porter v. LaShann Eppinger Arguments not to exceed 15 minutes per side Ms. Broker, you may proceed for the appellant May it please the Court, Kimberly Broker representing petitioner Brian Porter I'd like to reserve three minutes for rebuttal This court should grant Mr. Porter's pevious petition for two independent but related reasons First, Mr. Porter's trial counsel rendered ineffective assistance by inexplicably failing to object to an incorrect jury instruction that made it impossible for the jury to find that Mr. Porter acted in self-defense And the Ohio Court of Appeals' decision to the contrary was both contrary to and an unreasonable application of clearly established federal law Second, the incorrect jury instruction violated Mr. Porter's due process rights And although that claim was procedurally defaulted this court should find, on de novo review, that trial counsel's ineffectiveness excuses the default I'd like to begin with the ineffectiveness claim At trial, Mr. Porter raised only one defense that he fired his weapon at a car carrying four passengers because one of the passengers, James Meckling, pointed a gun at Mr. Porter causing Mr. Porter to fear for his life The three other passengers were named victims. James was not The trial court instructed the jury that it must consider the conduct of the three victims in determining whether Mr. Porter acted in self-defense but omitted any mention of James That instruction was both incorrect and misleading And because Mr. Porter's entire trial strategy revolved around convincing the jury that he acted to protect himself from James the instruction made it impossible for the jury to find that Mr. Porter acted in self-defense But Mr. Porter's trial counsel did not object to the incorrect instruction and the jury predictably convicted Mr. Porter The Ohio Court of Appeals' decision that Mr. Porter's trial counsel was not ineffective was both contrary to and an unreasonable application of clearly established federal law, namely Strickland As for the deficient performance prong, counsel's failure to object was plainly deficient May I interrupt for just a second while we get started on reviewing the Ohio Court of Appeals' decision? Even though your client, even though there was a self-defense instruction we're not really reviewing what the district court, what the trial court did as much as we're reviewing what the Ohio Court of Appeals did under AEDPA And you agree, I think, do you not, that AEDPA deference applies here? I do. As to Mr. Porter's ineffectiveness claim, I agree that AEDPA deference applies to the Ohio Court of Appeals' conclusion that trial counsel was not ineffective So what we're trying to find out is whether, what is the clearly established law? And I know you generally view this as Strickland, and you're correctly citing Strickland But in terms of determining whether there was deficient performance under Strickland we're looking basically, unless I'm missing something here, to see if there's a Supreme Court opinion to which that Strickland analysis was contrary to And inasmuch as I don't think that there is a United States Supreme Court decision that says you're even entitled to a self-defense instruction it's hard for me to see how an argument that the self-defense instruction that was given was incomplete could possibly then rise to the level of ineffective assistance I'm not being real articulate on the way I'm phrasing that question, but do you understand what I'm asking? I do. I understand the question. So under Strickland, the question is whether the Ohio Court of Appeals correctly applied the standard, which is, was counsel deficient, and did the deficient performance prejudice Porter? Here, counsel was deficient because he did not object to a jury instruction that contained an error of state law And that error was material to Mr. Porter's defense. In fact, it was critical to Mr. Porter's defense At trial, Mr. Porter's entire defense revolved around convincing the jury that he acted to protect himself against James But the instruction did not permit the jury to consider James' conduct Ms. Burkhart, I'm starting with the assumption, and correct me if you think this is wrong that a mere error of state law in a jury instruction does not rise to the level of habeas So assuming that that's correct, if you can't establish he was entitled to the instruction at all under a Supreme Court case, how can we find that the Ohio Court of Appeals decision was contrary to or an unreasonable application of? Well, Your Honor, I think your question gets more to Mr. Porter's second ground for relief which is that there was a due process error And I would agree that on that ground for relief, the question is more about whether or not he was entitled to correct jury instructions And that's where I think the issue of there not being a Supreme Court case that clearly establishes the right to a self-defense instruction may come into play I don't think that forecloses relief on that ground, but I do want to stick with the strickling ground for a moment because the question on the ineffectiveness ground is whether his counsel rendered deficient performance And plainly it's deficient performance to fail to object to a jury instruction that is not only an error under state law but also rendered your client's defense meaningless Again, here, during the entire trial, Mr. Porter never contended that any of the other three passengers in the car caused him to fear imminent danger He contended only that James pointing a weapon at him and threatened him was what he feared And so for the court to give an instruction to the jury that specifically named... Ms. Berker? Yeah Judge Osherston is trying to interrupt you to ask a question Yeah, I'm sorry. Maybe my microphone wasn't working. I'm not sure Anyway, I think on the performance problem, what Judge McKeague is trying to get at is that How can it be unreasonable performance or deficient performance to fail to object, to make a meritless objection? So the Ohio Court of Appeals, I mean, it is true that the trial court thought that he was entitled to this instruction And then your argument is, well, but it was an incomplete instruction because it eliminated James But the Ohio Court of Appeals, whose decision it is, that's the last reason decision, said he wasn't entitled to that instruction in the first place So it doesn't matter whether he objected. It would have been a pointless objection because he wasn't entitled to the instruction anyway Sure. I have two points in response to your question. And I apologize, Judge McKeague, if I misunderstood First, this court, I think, got it right in its opinion, granting Mr. Porter certificate of appealability The Ohio Court of Appeals statement that any objection would have been meritless was insufficiently supportive In light of the Court of Appeals acknowledgement that the instruction was arguably incomplete Second, I disagree that the Ohio Court of Appeals found that Mr. Porter was not entitled to a self-defense instruction If you look at the Ohio Court of Appeals analysis, what the Court of Appeals did was essentially a sufficiency of the evidence analysis The Court of Appeals twice said a jury reasonably could have concluded that Mr. Porter did not act in self-defense That's not the Strickland inquiry. Under Strickland, it's not enough that there may have been evidence to support a conviction Under Strickland, the question is whether a correctly instructed jury reasonably It was reasonably probable that a correctly instructed jury could have found that Mr. Porter did act in self-defense And in a case like this one, where there were two different stories presented at trial On the one side, you had the three victims testifying as to what happened And on the other side, you had four defense witnesses and Mr. Porter giving a completely different story It's reasonably probable that a jury could have believed the defense's account of what happened And therefore found that Mr. Porter acted in self-defense So are you essentially saying that even though we held in CAHIE that there isn't any clearly established federal law entitling a state defendant to a self-defense instruction Once one is given, even though you're not entitled to it, then it's ineffective to not object to it being complete? Yes, that is exactly what I'm arguing So if we stop right there, what is the Supreme Court case that you're relying upon that says what you just said? I mean, it might be a great argument, might make a lot of logical common sense But what is the Supreme Court case that says what you just said? Sure. Well, I think, again, I want to very clearly separate the two claims here So on the Strickland claim, Strickland is the Supreme Court case And for judging counsel's performance and whether it's sufficient, the question isn't whether counsel had to object because the Constitution required him to The question is whether counsel should have objected because the instruction was incorrect under state law and because it rendered his entire defense meaningless On the second ground for relief, which is the due process ground, CAHIE, again, has no Strickland claim and so has no bearing on Mr. Porter's ineffectiveness claim But I also want to note that the legal claims in this case in CAHIE are different In CAHIE, both state courts agreed that the defendant was not entitled to a self-defense instruction And on Habeas, CAHIE claimed that he was constitutionally entitled to a self-defense instruction But as this court explained, there is no clearly established federal law to guide a federal court's analysis of when a state court defendant is entitled to such an instruction The claim here is different Excuse me for interrupting. When you make reference to state law, do you have a state case that states that the instruction that was given in this case is reversible error? I would point you to Clifton, which is an Ohio Court of Appeals case, which held that if the defendant acted in self-defense, the defendant was entitled to acquittal even if the victim was not the attacker And in Clifton, the Ohio Court of Appeals reversed the trial court's decision because the trial court did not instruct the jury that it could acquit the defendant if the defendant acted to protect himself against the person who was not the victim in that case All right, but that was not a demonstrative statement that the failure to give the instruction in all instances would constitute reversible error. The case doesn't quite say that, does it? No, but I think it's on all fours with Mr. Porter's case here, because here, the same was true. Mr. Porter acted to protect himself against James, and the three victims were three other people, not James Does the record even bear that out? Because as I understand, at the nightclub or the bar, the individuals whose car was shot at were leaving or driving away from the scene when they were shot at That's not a very fruitful set of factual circumstances to support a claim of self-defense, don't you think? Well, Mr. Porter testified that the car slowed down as it drove past him, and he saw what he thought was a gun in James' hand pointing at him. So I think in that moment, and the question is in that moment, did Mr. Porter have any reasonable option other than firing his weapon in self-defense? Well, hadn't the vehicle moved past him when he started shooting? I believe the vehicle may have moved past him when he started shooting, but it had pulled up next to him while James was pointing what Mr. Porter thought was a gun at him. And the question again is in that moment, did Mr. Porter have an option other than firing in self-defense? And again, I just want to reiterate that the question here on habeas review is whether a jury reasonably probably, excuse me, whether it's reasonably probable that a jury could have found that Mr. Porter acted in self-defense based on Mr. Porter's testimony and the other testimony of the defense witnesses. And I see that my time is out, so I will reserve the balance of my time for rebuttal. All right. You're from your opposing cast. Good morning, your honors. My name is Scott Chris. I'm here on behalf of the attorney general representing the warden. I think Judge McKee sort of got to the crux of the matter, which is what's the clearly established law here that entitles Mr. Porter to relief? Mr. Porter is trying to draw a distinction between the ineffective assistance of counsel claims or claim and the due process claim. But I would submit that ultimately it's all the same question, because what we're looking at is prejudice. What was the prejudice that overcomes the procedural default? What is the strict prejudice? And what is the prejudice that would have entailed from a due process error and not giving the proper instruction? So all three of the claims or all three of the claims that were part of the COA come down to that question. And ultimately, Mr. Porter can't show prejudice under any one of those claims because there is no clearly established law that would entitle him to relief. As he notes, there was there is no constitutional right to a self-defense instruction at all. That's a matter of state law grace. Even if you moved on to the next, the next logical question, well, if there is a self-defense law instruction that he's entitled to, is he entitled to a self-defense instruction of his choosing that encompasses any and all possible aspects of his defense? And again, there's no clearly established law because there is not a single Supreme Court case on self-defense. So there's there's simply no entitlement to any relief, whether we are talking about a overcoming a procedural default, whether we are talking about ineffective assistance of counsel or whether we're talking about a due process claim. As the state court found, the facts simply did not support self-defense in this case, aside from whether or not Porter felt a bona fide sense of danger. In this case, the state court found the state court of appeals found that he was both at fault in creating the situation and he violated his duty to retreat. There is no reason for Brian Porter to follow the Meckling group out of the bar. There was no reason for Porter to be standing in the parking lot for Meckling to heckle him at all to begin with, let alone allegedly brandish a weapon. So the facts of the case didn't entitle Mr. Porter to a an instruction on self-defense. There's no constitutional right to a self-defense instruction. There's no constitutional right that entitles Mr. Porter to a self-defense instruction that includes a third party who's not a victim in the case. So there's really nothing more that I can that I can say unless you have any questions. I think it's clear that the district court should be affirmed that there's no entitlement to habeas relief in this case. Counsel, you seem to want to move straight to prejudice. So are you conceding that the jury instruction didn't allow the jury to consider whether James's actions put the defendant in reasonable fear of his life? I don't want to concede that, but I'm willing to assume that for the purposes of argument, that even if he was entitled to an instruction on James Meckling, that he still could not show prejudice from the fact that Mr. Meckling was was omitted from the jury instruction. I'm sorry. And that's because of the other two requirements under Ohio law, the duty to return and the duty not to have created the situation. Yes, Your Honor. And further, there was there was a separate claim in the court of appeals regarding whether or not they were whether the jury was correctly instructed to consider all the evidence in the case, as is required under the jury instructions. And the court of appeals did did hold that the jury was properly instructed to consider all evidence and considering the claims and defenses. Do you know why the video of the incident, which seems kind of critical to to the establishment of the facts here, isn't anywhere in the record? The video was never entered into the record. No. But the finding of facts based on the court of appeals viewing of the record is presumed correct. I just wondered if you knew why we don't have this kind of central video. The district court never asked for it. And just as practice, we don't ordinarily we don't ordinarily add to the record the trial exhibits when we submit the record to the court. But always, if it's requested, we will. But usually we do not. But no questions. No, we're not. We don't proceed back to where we're about. Thank you. I want to start with clearly established federal law and maybe go back to Katie as even Katie explains, undercut some state jury instruction errors. So, in fact, the entire trial that they violate due process, the error here was one of those errors. And I would point the court. I would point the court to this. This court's decision in Barker for a guide as to how to determine whether an error has risen to the level of a due process violation. Second, I want to talk about what the courts found in terms of Mr. Porter's entitlement to a self-defense instruction. The trial court found this is at pages 840 to 841 of the district court record that Mr. Porter had provided sufficient evidence to be entitled to a self-defense instruction. The Ohio Court of Appeals did not disagree with that conclusion. And again, when you look at the Ohio Court of Appeals analysis, the Ohio Court of Appeals concerned itself with whether or not there was sufficient evidence at trial for a jury to reasonably conclude that Mr.  So, the court found that there was enough evidence that the jury could have convicted Porter. That's not the Strickland inquiry. What the court needed to consider was in light of all of the evidence produced at trial, was it reasonably probable that a jury could have concluded that Mr. Porter acted in self-defense? Right, but when the court considers, I mean, the part where you're saying it misapplied the Strickland standard is in consideration of the due process claim. When it considers the Strickland claim alone, it properly states the standard. You agree with that, right? Yes. So, what you're trying to say is they applied the wrong standard. They misstated the standard when they were considering the due process claim, not when they were considering the Strickland claim. Well, in considering the Strickland claim, the Ohio Court of Appeals, I believe, references back to its earlier discussion of prejudice. And so that prejudice explanation is really sort of a one size fits all from the Ohio Court of Appeals perspective. It did one prejudice determination, and yes, it's in the context of the due process claim, but that prejudice determination is the only explanation we have for why the Ohio Court of Appeals found that Porter's trial counsel's ineffectiveness did not prejudice him. I also want to talk just quickly before my time runs out about what the Court of Appeals found in terms of the three prongs that Porter was required to prove, the three elements he was required to prove. The Ohio Court of Appeals has no discussion of the first element, which is that Porter did not start the fight. They did not base their decision on that element. And as to the duty to retreat, the Ohio Court of Appeals analysis is an unreasonable application of Strickland because the Ohio Court of Appeals failed to consider the totality of the evidence as Strickland requires. Instead, the Ohio Court of Appeals adopted wholesale the state's version of events and ignored the defense's contrary evidence, which a jury could have believed. So, I see that my lights have gone out, and I see that my time is up. So I would ask that this court reverse the district court decision and grant Mr. Porter's habeas petition. Thank you very much. And the case should be submitted. If the clerk could exit council.